[Civ. No. 19926. First Dist., Div. One. Apr. 24, 1962.]

JOHNO HARPER, Plaintiff and Appellant, v. MATSON NAVIGATION COMPANY, Defendant and Respondent.

Tarbox & Jue and Joseph G. Jue for Plaintiff and Appellant.

Donald D. Connors, Jr., and Brobeck, Phleger & Harrison for Defendant and Respondent.

SULLIVAN, J.—This is an action by a seaman brought to recover maintenance, cure and damages for personal injuries sustained while a member of the crew and employed aboard defendant's vessel. From a judgment in favor of the defendant, after a nonjury trial, plaintiff appeals.

Plaintiff's complaint filed February 19, 1959, sets forth five separately stated causes of action. The first count seeks recovery of maintenance and cure under the general maritime

law; the second and third counts seek recovery of loss of earnings and general damages, under maritime law, on the theory of the alleged unseaworthy, unsafe and dangerous condition of the vessel; the fourth and fifth counts seek recovery of general damages based on the negligence of the defendant under the Jones Act. (41 Stat. 1007; 46 U.S.C.A. § 688.)

Plaintiff was employed as a second cook and baker by the defendant Matson Navigation Company, hereafter called Matson, on its cargo vessel the S. S. Hawaiian Pilot. On December 18, 1957, while the vessel was on the Pacific Ocean, two days away from and headed for San Francisco, plaintiff and an assistant cook were working in the walk-in refrigerator or icebox, shifting vegetables so that the icebox could be cleaned. The chief cook, Munz, was also working in the icebox, lifting the gratings which served as floorboards and standing them up against the bulkheads, so that the flooring as well as the vegetables could be placed out of the way, during the cleaning of the box.

According to the testimony of the plaintiff, he saw Munz handling the floorboards "and the next thing I knowed, I was laying on potatoes and the board had hit and struck my back." ▇▇▇ Munz, however, testified in defense that no grating or floorboard slipped out of his hand and hit the plaintiff. Nor did he see any grating fall on the plaintiff's back on that occasion. When asked on redirect examination if plaintiff had told him that he injured his back lifting sacks of potatoes, Munz stated: "Well, he did say something about it. He said he hurt his back. At that time we were working on sack of potatoes so I was—thought that he hurt his back on account of that." He also denied that, as testified to by the plaintiff, he had lifted a grating off of plaintiff's back. Some time after the accident, according to Munz, the plaintiff asked Munz to be a witness for him and to sign a typewritten statement which apparently had been already prepared. Munz refused to sign it because it was not accurate, made some corrections, and told the plaintiff to have it retyped, but the plaintiff never did so.

On cross-examination, the plaintiff admitted that when he first went to the Marine Hospital for back pain about two weeks after the accident, he did not mention to the attending physician either that he had been struck by a falling floorboard or even that he was injured while working. He stated on cross-examination, however, that between January and May 1958

he did advise two doctors at said hospital that he had been hit in the back by a board. The plaintiff also stated that Matson had paid him all the maintenance and cure owed him, except for a period of two weeks, for which he admitted he had not made any claim.

The court found, so far as is pertinent to this appeal, that on December 17, 1957,[1] the plaintiff sustained a lumbosacral strain in the ordinary course of his employment aboard Matson's said vessel; that said vessel was in all respects seaworthy; that defendant furnished plaintiff with a safe place to work; that defendant was not in any way negligent nor was the plaintiff's injury caused in any way by any negligence of the defendant, and that the defendant paid for plaintiff's maintenance and cure during those periods plaintiff was unfit for duty because of his disability.

Plaintiff contends before us that: (1) The evidence is insufficient to support the judgment; (2) the trial judge committed prejudicial error by "prejudging" the case; and (3) the trial judge was guilty of prejudicial misconduct. None of these contentions have merit.

Essentially the factual question to be determined by the trial court was whether or not the plaintiff sustained an accident and injury as he claimed in his testimony. Plaintiff's theory was that one of the floorboards fell against his back. The testimony of Munz, the chief cook, directly contradicted this. ■■■ The resolution of this factual conflict, the question of the credibility of the witnesses, and the determination of the weight to be given to their testimony were all within the exclusive province of the trial court. ■■■ Munz' testimony was, therefore, sufficient by itself to support the trial court's finding of absence of unseaworthiness, predicated either upon the condition of the vessel or the competence of its crew, and the court's finding of lack of negligence.[2]

The next contention refers to statements made by the trial judge at the conclusion of the closing arguments that plaintiff had not filed his complaint until "how long was it; two years? . . . . a year and two months approximately" after the accident. These statements, plaintiff argues, show error

---

[1] The complaint alleges and the testimony shows occurrence of the incident on December 18th. The parties raise no question concerning this apparent error in the date.

[2] Appellant does not take exception to the trial court's conclusion that "[d]efendant has fully discharged its obligation to plaintiff for the payment to him of maintenance and cure and of unearned wages; . . ."

"in its understanding maritime law," since the period of limitation in the Jones Act (45 U.S.C.A. § 56) is three years, not one year as in ordinary personal injury actions, and furthermore indicate a belief on the part of the trial judge that the delay in filing the complaint had a bearing on the validity of the claim.

We have carefully examined the record and it shows no mistaken belief or error as to maritime law on the part of the trial judge. It is beyond question that his decision was not based on the statute of limitations. The record clearly shows that he merely referred to the delay in commencing the instant action as one of the several factors leading to his conclusion that the plaintiff had not established the occurrence of an accident as he claimed.

Finally it is contended that certain comments and rulings of the trial judge, considered for their cumulative, if not individual, effect constitute prejudicial misconduct or error as the case may be. For convenience, we consider them in the following three groups. Some of them are trivial on their face. Some are obscure. All are groundless.

First we consider certain comments by the trial judge. The first two instances to which we are referred in the record appear to us, beyond any question, to show the sincere efforts of the judge to understand the plaintiff, who, the record discloses, spoke rapidly and in a way not always intelligible, and, in addition to ascertain what the plaintiff meant by certain expressions he used. To assert error in respect to them is preposterous. Another alleged instance occurred during the redirect examination of plaintiff's medical witness. While plaintiff's counsel was questioning him as to the effect of a blow on the plaintiff's back, the court interjected a somewhat extensive discussion as to the different force of impact a falling object might have. The interrogation then proceeded. We cannot discern from plaintiff's obscure comments on this incident how such remarks were prejudicial. It is clear to us they were not.

 Next we consider plaintiff's complaints about certain rulings. The first concerns questions directed to plaintiff, over objection, as to a certain scuffle he had in which he cut his hand. In our view, the scuffle, if it did occur, could have had some bearing on the prolongation of his back disability.

 Secondly, complaint is made of questions directed to plaintiff, over objection, as to whether he had received maintenance, cure and disability payments. Whether this was error

or not is immaterial, since it is inconceivable that any prejudice resulted, in view of the court's findings against plaintiff on the issue of liability. ▮ Thirdly, contrary to plaintiff's contention, the court committed no error in permitting defendant's counsel to ask plaintiff's medical witness for what defense counsel such doctor had made examinations. Such questions were proper to show bias and on the question of his credibility. Indeed, plaintiff's objection was only that "this is getting a little far afield." Plaintiff cannot claim error because his counsel pursued the matter himself.

The last group of references to the record are, to say the least, cryptically furnished with no argument offered as to why the matters contained therein show prejudice. We have examined those portions of the record and find no error. We have reviewed the entire record, find no error and conclude that the cause was properly and fairly tried.

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.